Alejandro Figueroa-Lugo May it please the court. Good morning, your honors. Counsel Johnny Rivera on behalf of the appellant, Mr. Alejandro Figueroa-Lugo. May I reserve two minutes, your honor? Yes. Thank you, your honor. In this case, after much thought, we understand that the appellant was wrongly convicted. In this case, one of the main reasons why the defendant was wrongly convicted, and probably the principal reason was, or is, because the court below, or the district court, refused the due instructions provided by the defendant. That issue goes into two areas. The first one is, in this case, the defendant was convicted of knowingly possession of child pornography. One of the main issues during the whole case, and probably the central issue in this case, is the element of knowingly. In this case, one of the due instructions, the first due instruction, due instruction number 7 on the docket N343 proposed by the prior defense counsel, proposed an affirmative defense that is provided by the law. Under that affirmative defense, the law under 2250, I was getting confused, the applicable law in this case under the Offense of Conviction Section 2252A4B, provides an affirmative defense that if there are less than three images or items, and the defendant takes reasonable steps to delete those images, that the jury could consider that instruction and that affirmative defense. When the court refused to provide that affirmative defense, which was correct under the law, it wasn't part of the charges, and it definitely impaired the defendant's defense and opportunity to properly present his case. The court invaded the province of the jury, because that wasn't a ruling that the court was supposed to make. It is the jury, the one who decided which of those items constituted child porn or contraband. And when the court made that ruling and refused to allow that instruction to be read to the jury, and in making that ruling of the court, it infringed the defendant's right under the Fifth and the Sixth Amendments, in particular the defendant's right to due process, because those issues and those facts had to be proven and established beyond a reasonable doubt. And second, it had to be established by the jury. In a case like the one at hand, and following the precedence of this court in the case of U.S. v. Baird, and the case of U.S. v. Lyond, those two cases established a map to follow the requirements. In this case, because the defense preserved the objection, this court has plenary review. That means the novel review. And in following those cases, if we look at those cases in the first two pages, they simplify why the lower court in this case should be remanded for new trial. There is no question in my mind, and based on the applicable law, that that instruction had to be given to the jury. The defendant testified in this case, is that correct? That is correct, Your Honor. He did testify. Explain to me, what is it? I gather you're relying on the defendant's testimony to argue that he testified in a way that made this affirmative defense relevant. Would you explain, please, how that is so? Yes, Your Honor. In a case like the one at hand that was based on circumstantial evidence, and the only direct evidence that we have to consider where there was the element of knowingly, we have the testimony of the defendant saying, listen, yes, sometimes I wantedly downloaded some kind of contraband or illegal images, but I immediately deleted them. That was an issue that is closely established by the fact that during the beginning of the proceedings, when the agents identified allegedly over 363 items, and they used that evidence to establish cause to go and ask for a search warrant, and when they went to the home of the defendant and they seized over 30 computer items, none of those items had any of that information. That information wasn't available. It wasn't there. And you keep going looking at the facts of this case, and not only do you find that particular information, but you have the problem of the land wire software. The land wire software is a sharing program which permits all the members of the net to provide the memory for that particular network. But it's not automatic download. That particular software is not automatically download. I mean, the defendant has to affirmatively download files. The court is correct. Land wire, you have to request to download the land wire. However, it is in question in this case whether the defendant actually downloaded any documents at all, and that's the main issue in this case, knowledge, whether he knowingly downloaded any of the documents. Why do I say that, Your Honor? In this case, the record reveals two things. First of all, the computer, defendant's hard drive, had a virus. When you have a virus in the computer, if you download a document and you have a scheduled antivirus check for the computer to revise whether it has any, to detect any viruses, it automatically opens all files that are inside your computer. So even if you don't open that particular file, any scientist will tell you that file was opened. I don't know who opened it, but it was opened. Another thing that, unfortunately, for land wire, when you have land wire in your program, if there is somebody else, a third party who is part of the network, that third party could open a file in your computer that is part of the network and in your memory bank, and there is no scientific way to know whether that third party opened that file or the defendant opened that file. So it goes all on the element of knowing. That's why this instruction was vital in this case. We can go even further than that. This is the affirmative defense. Affirmative defense, yes, Your Honor. So just going back to Pez's question, but I want to add to it on the back end too. Baird says that you're entitled to instructions so long as it's supported by evidence in the record. So you don't take the position that in any child pornography case you're automatically entitled to the instructions. No, Your Honor. Okay. So what about this case with the evidence in the record that would provide the predicate for this instruction? And then on the back end, since there was no instruction, I assume there's a prejudice analysis that you have to survive in order to show that the absence of the instruction prejudiced you. And what do we do with the fact that there were, I think by the government's account, at the end of the day, 18 still images and a number of videos of evidence? How are you prejudiced? Because what you have to show is that there were less than three ever. Each was consciously destroyed. Is there anything in the record that would suggest at the end of the day that the instruction would have made a difference? Okay. I have three points. The first one, Your Honor, that was a ruling for the jury. The first one, whether there were three items, 18, whatever items, that's a ruling that had to be made by the jury beyond a reasonable doubt. Second, Your Honor. But that would mean that there's just always prejudice when you don't get the instruction. So I guess that doesn't seem likely to be the case to me. Your Honor, if we see the case of Bair, which involves simple possession, it's an identical case. The main issue here and the main factual issue is whether the defendant knowingly possessed child porn. It is a factual issue that began since the beginning of the case. Since the complaint was filed in this case, that was the main factor in question. And the prejudices, Your Honor, is that the position of the defendant, and if you look at the record, he met on three occasions with the agents before the indictment was filed. And every time that he met with the agents, he assured them, listen, I didn't intend to download any contraband or illicit images. And when that did happen, I deleted them. An interesting part of the record is that the government expert found a virus in the case. A virus. Nobody else touched the virus. There's a virus. The name of the virus right now, if I remember, is PC Health Virus. And he mentions the expert, we don't know the purpose of this virus. And they didn't check what was the purpose of this virus. And it's unbelievable because we all know that sometimes you download a file and the file could have a piggyback. In this case, we have a virus that we don't know the purpose of that virus. We don't know if that virus was the one who was asking for the materials. So did this come out at trial? Yes. The virus came in the trial. Not the virus. I know the virus came out at trial. The effects of the virus. No, Your Honor. So the witness wasn't questioned that the virus could open the files without the knowledge of the defendant. That is correct, Your Honor. But the court could take judicial notice of the effects of a virus in a computer. I don't think so. Excuse me, Your Honor. The court could take judicial notice that the effect of a virus could have in a computer. This is related to the sufficiency argument, right? That is related to the sufficiency evidence. But it all commingles and intermingles with the jury structures that were not provided. Why? I don't understand how that – I understand that if you think there was insufficient evidence, it's likely that you'd have a pretty good affirmative defense. That is correct. But that would be no matter what the affirmative defense was. But in this case, it's a different case. What I'm trying to figure out is assume that there was sufficient evidence. Okay? Just bear with me. For the sake of argument, yes, Your Honor. For the sake of argument. But the error was that you didn't get the right to put on the affirmative if it wasn't the instruction about the affirmative defense. So I guess I'm trying to figure out what is there particular in the record that supports, A, a predicate for getting the affirmative defense, and B, would demonstrate that the failure to give you that affirmative defense predicates you as to the instruction. Yes, Your Honor. Very simple, Your Honor. The first one, Your Honor, is that this affirmative defense and this instruction requested that when a defendant requests a particular instruction, the burden is really low. The plausibility is very low. So this is not a preponderance of the evidence. This is not a reasonable or without standard. And the prejudice, Your Honor, is that if I cannot establish my defense and tell the member of the jury, listen, I am in the computer every day or sometimes in the computer, and sometimes I download documents that I don't know what the document or file has or may contain or whether it has a piggyback within. And as part of my evidence in this case is, listen, I sat in the chair and I told the members of the jury that were there, listen, when I do travel in the Internet world, however, whenever a document is downloaded and I find out that that document. But under the instruction, I thought it was, that can only happen as to when you have less than three. That is correct, Your Honor. So I guess the problem is in a case like this, it at least seems plausible to conclude that you just aren't in the orbit of this because there were so many more. I understand you say that's for the jury to ultimately decide, but suppose you have just a massive child pornography ring that's downloading millions and millions of images. They're entitled to the instruction, and it's error not to give the instruction because the jury would have to decide whether what was remaining were the three? Your Honor, that's the law. However, Your Honor, I can go a step further. In this case, they have been mentioned in seven videos during the whole trial. Those seven videos were not available. That's a false statement. Not in the record? It is in the record, the seven videos, but the seven videos were not available to the defendant because they were on a temporary mode. I thought there was expert testimony to the contrary, that even though they had this incomplete notation, that he still could have access to them. I thought there was expert testimony to that effect. Yes, he mentions that information, but that is incorrect, Your Honor. When the expert testimony was incorrect? Yes, Your Honor, or expert testimony, and that's part of the sufficiency of the evidence in this case, Your Honor. Those files were on temporary mode, downloaded by line wire. If you shut down the Internet and you turn on a computer with a file that is in temporary mode, you cannot open the document and you cannot watch the video. Wasn't there some testimony that it was open in Windows? It was speculated that it was open in Windows. It wasn't scientifically established that it was open with Windows, and when you try to open another software with Windows, all you might be able to see, all because you might not be able to play the program or play the video, you might get a bundle, which is a small photograph of the item, but you cannot open the video as such. That is incorrect fact, and that's part of the insufficiency of the evidence in this case, Your Honor. All right. Thank you, Counselor. You're welcome, Your Honor. May it please the Court, my name is Dan Goodman. I'm with the United States Department of Justice, representing the appellee, United States of America. First, to be clear, all seven videos, as well as all 18 still images, were introduced in evidence at the trial, and the portions of the seven videos, of each of the seven videos, were played before the jury, with the understanding that the defendant had the right to play the remainder of those videos in the interest of completeness. With respect to the instructional issues that appellant raises, the District Court did not err when it declined to give Figueroa's That defense applies only if the defendant receives and promptly attempts to destroy fewer than three matters of child pornography, or reports the depictions to law enforcement. Well, how do you respond to Counselor's argument that whether there were, whether it was pornography in the first place, and whether it was three or fewer, is a matter for the jury to decide? Well, in the first place, Your Honor, I think the defendant's primary defense at trial, although he offered several alternative defenses, was that whenever he saw child pornography, he deleted it immediately because he wasn't interested. And, in fact, Figueroa himself testified that he had downloaded a good hundred videos and more than one still images of child pornography. That's at docket entry 97 at pages 124 to 125. So even assuming that that is completely true, that takes him out of the affirmative defense of 2252C, because he himself has admitted to hundreds of matters of child pornography. Counselor in white said that the defendant was not entitled to the affirmative defense in section 2252C, because he possessed more than three images of child pornography, and he retained the images. This court has not directly had occasion to address the affirmative defense, but I think there is a threshold that must be made that it has to be one or two matters of child pornography. And in this instance, where the court as well as the jurors have viewed the 18 still images and the seven clips from the videos, we've had expert testimony that some of this was known child pornography identified through a nationwide database. Under defendant's reading of the 2252C instruction, any child pornography defendant would always be entitled to that, no matter how much child pornography was introduced at trial, and no matter how much he admitted to witnessing and deleting, that cannot be the case. And I would also mention that he does not give any indication of satisfying the alternative prong of that defense, namely he never reported the matter to law enforcement. What's the government's position as to what a judge is supposed to do in terms of evaluating the predicate for this instruction? And how does a judge determine, according to the government, how should the judge go about making a determination, whether there is a sufficient predicate such that the instruction is warranted? Well, first, I think the judge needs to ask whether there's a plausible argument that there could be fewer than three matters of child pornography. The case that was distinguished in the district courts... It seems odd because to make that ruling, you have to kind of find him guilty in the middle of the trial. I think not, Your Honor. I don't think it has to be a definitive ruling. I think the court could err on the side of caution if there's a plausible argument that this defendant could potentially fit within the 2250... Well, what's he supposed to evaluate the evidence as to what a preponderance? I just don't have a good feel for what standard... If we have to review whether the instruction was properly withheld, what standard of review are we looking at? Is he supposed to review the record under a preponderance standard to determine whether there was three or fewer? What's he supposed to do? I don't know that there are cases that have directly addressed the standard, but even if under the standard most favorable to the defendant, I think that in this case, Mr. Figueroa would not satisfy that because, as I say,  child pornography, the case you might look at is the case... I guess he would contest whether he possessed them in the first place in those instances, right? I mean, that's his argument. I know you don't agree with that argument, but his argument is I kept deleting them without really knowing that I had and therefore I didn't possess them. But you'd say the judge has to at this stage can just decide, no, he did really possess them by a preponderance or something? I don't... I think his argument is more one of knowledge. I don't think he disputed what the government's experts found, namely that those remaining files... Doesn't the instruction, does the possession describe the instruction incorporate the knowledge idea? I thought it would, no? You could possess it without knowledge under the instruction? Under the 2252C instruction or he has a separate challenge to... 2252C when it says possess less. Is that knowing possession or is that just possession without whether you had any knowledge of it? Well, he would have to have knowledge of it in the sense that otherwise he wouldn't have either deleted it or reported it to law enforcement. So I think it has to assume knowledge there. I guess that just takes me back. What's the judge... Because his argument is he didn't really know this stuff was getting on his computer. So the judge is supposed to make an evaluation of whether that's true or not true before deciding whether to give the 2252C instruction. I think the judge could do that. The one case that seems to fit the facts of a 2252C case is the case that the district court in this case distinguished another Tenth Circuit case, Dobbs, where in fact the defendant was charged apparently with only two matters containing child pornography. But in a case like this where the judge and the jury have seen so many more than two matters where the primary defense of the defendant is that whenever he saw them he immediately deleted them because he wasn't interested in that. I think whatever threshold determination the judge has to make, bending over backwards in favor of the defendant to give the 2252C instruction in this case as the case played out in trial and with the government's experts as well testifying, yes, this is definitely child pornography. And this was found on Mr. Figueroa's desktop computer and on no other computers within the Figueroa household. I think it's clear that the district court did not err in declining to give the 2252C instruction. Why wouldn't it be ‑‑ I guess this is not really a legal question for us to resolve, but it strikes me when the defendant takes the stand and attempts to give testimony that would then allow his attorney to argue this affirmed defense, I mean, why not just give the instruction, allow the jury to sort it out and avoid the kind of issues that we're dealing with here? It almost has to be the case that it doesn't require much to ‑‑ there's got to be some standard, I would agree, but it can't take much to require the judge to give that affirmative defense instruction. Otherwise, as Judge Barron is suggesting, the judge is in refusing to give the instruction, almost inescapably is making some judgment about the strength of the government's case and the weakness of the defendant's case, and that's not what judges are supposed to be doing. It just seems just sensible in a situation like this to give the instruction and let the jury sort it out. So I guess what I'm ‑‑ why would the government make such a fuss about this? They believe in their case? They don't think the affirmed defense is a good one? Fine, just let it go to the jury, let them sort it out. You argue it out. Well, Your Honor, again, I would be willing to concede that the government should be lenient in allowing the judge to give such an instruction, but I would also argue that if ever there were a case where the facts presented at trial, including the testimony of the defendant, where he repeatedly said, yes, I got lots of child pornography, and I deleted it because I wasn't interested in it. So what is the judgment to be that no rational jury could fine for the defendant on the basis of this affirmed defense? Is that when you say if ever there was a case where this affirmed defense was not justified, this is it? It sounds like you're saying that no rational jury could acquit the defendant on the basis of that defense. Is that what you're saying? And is that the standard? I think, you know, there are plenty of cases where a rational jury could buy other aspects of the defendant's multi-pronged defense. I think the affirmative defense in 2252C is pretty narrowly drawn, and that there are not going to be many child pornography cases, particularly with the advent of the file sharing programs and the great number of matters of child pornography that are typically found in these cases, particularly when they're brought on a federal level. It's going to be the rare case where the 2252C defense is a winner for the defendant. But, you know, I can certainly understand your Honor's position that perhaps if there's any question. Isn't there some evidence in the record that the search words that the search of child pornography? Oh, absolutely, Your Honor. The way the LimeWire program works, and I think this is in the recent case from this year that's cited in our brief, United States versus BRETON, if you pronounce that right, you know, the words like pre-teen, hardcore, three-year-old, four-year-old. So the fact that there seems to be evidence that he was specifically searching for child pornography. Absolutely. How does that fact relate to the conversation that you're having with my colleagues, if at all, about this affirmative defense? Well, it certainly relates more overtly to the sufficiency arguments that the defense has. It seems pretty unlikely. Does it factor at all into the court's consideration about whether this is an appropriate jury instruction to give? Well, again, I think there's overwhelming evidence that there were far, far many more than three matters and that the defendant knew about that. So the fact that he was using LimeWire to search for terms that are explicitly associated with child pornography just enhances the argument that in this particular case a 2252C instruction was not appropriate, Your Honor. Does the government have a view about what the prejudice inquiry looks like when the 2252C instruction is not given, assuming contrary to your position that there is a very low threshold for getting the instruction and the instruction is not given? I assume the government would think that the mere fact that the instruction is not given is not itself a reason to reverse and that we'd have to do a prejudice inquiry. Oh, absolutely. So how would that prejudice inquiry work? The third prong is the instruction has to be integral to the case such that its omission seriously impaired the defense. And in this instance where the evidence of possession of child pornography was so overwhelming, I don't think that the omission of this particular instruction. Everything you were saying before about why you shouldn't give the instruction, you could just repeat an argument as to, well, in any event, in a case like this the failure to give it would just not be prejudicial. Absolutely, Your Honor. Thank you, Counselor. Is there any other questions? Thank you. Very fast, I'm going to reply. If we look at our reply brief, in particular at page 10, paragraph 7, and if we look at paragraph 10 and page 14, we mention those two facts, two quotes that the government just told this court that are not part of the record. We searched everywhere in the record, and nowhere in the record appears the words of our client chatting, saying that he loves child pornography. That is not part of the record. Sorry, could you say that one more time? Yes, Your Honor. Under paragraph 7 of our reply brief, page 10, the government state within minutes engaged in online email chats, telling adult and computer users that he was loving the child pornography video. That is not part of the record. We saw the transcripts, we searched the transcripts, and it's not part of the record. Likewise, Your Honor, when you look at page 14 of our reply brief, in particular paragraph 10, it states here that the defendant allegedly admitted that he had personally downloaded a good amount of child pornography. That's misleading. It's not part of the record either, Your Honor. Second thing, Your Honor, in this case, this is not for the government to give. This is not for the lower court to give. It was an issue that had to be decided by the jury, and it did impair the defense in this case because the central point and the central defense throughout the entire proceedings was I didn't know it was there. Second thing, there's no evidence in this case. But the only thing is I didn't know it was there just so I get that. The defense allows you to make that case as to less than three items. Yes, Your Honor. Okay. But what do you say to the government's position that however strong a defense that might be in some case, it can't be very strong in a case in which there are so much evidence of so many more items than three? Which the defendant admitted. And there's so much evidence in favor of the defendant as well because there were no cookies, there were no search in the websites, there were no particular, there's no evidence placing the defendant searching for any particular word at all. All we have is that the evidence was found in his computer. That's the only thing we have in this case. And the problem that we have is that instruction wasn't going along. The defense also asked for another two instructions. The willful instruction that was also requested and the other instruction that was also requested was the mental state that was requested. Definitely, Your Honor, in this case the defense of the defendant was impaired when the court refused to grant that instruction which was constitutionally protected by both the Fifth and the Sixth Amendment. No matter how much overwhelming evidence there might be in a case, the court cannot go and direct a verdict for the United States. It has to allow the jury to make that final determination. And in this case, that right, those rights, fundamental rights, were taken away from the defendant. And that's why this. Your time is up. The defendant is entitled for remand. Thank you, Your Honor. Thank you.